William D. Hyslop
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. 2:19-CR-00152-WFN |
| v. | Plea Agreement |
| CHRISTOPHER MICHAEL MERRILL, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, and Defendant, Christopher Michael Merrill ("Defendant"), and Defendant's counsel, Colin Prince, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant agrees to waive indictment by a grand jury and plead guilty to the sole count of the Superseding Information filed contemporaneously with this Agreement, charging Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1). Defendant understands that the charge contained in the Superseding Information is a Class C Felony. Defendant also understands that the potential penalties for this charge are the following: not less than 5 years, nor more

Plea Agreement – 1

than 20, years of imprisonment; a fine not to exceed $250,000; a term of supervised release of not less than 5 years, up to life; restitution, a special penalty assessment of $100; and registration as a sex offender. Pursuant to the Justice for Victims of Trafficking Act of 2015, the Court must impose an additional mandatory special assessment of $5,000 unless the Court finds Defendant to be indigent.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

3. <u>Waiver of Constitutional Rights:</u>

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.    The right to a jury trial;

    b.    The right to see, hear and question the witnesses;

    c.    The right to remain silent at trial;

    d.    The right to testify at trial; and

Plea Agreement – 2

     e.    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

4.    <u>Effect on Immigration Status:</u>

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if Defendant is not a citizen of the United States, no one, including Defendant's attorney or the District Court, can predict with absolute certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if automatic removal from the United States is a virtual certainty if Defendant is not a United States citizen.

5.    <u>Elements of the Offense:</u>

The United States and Defendant agree that to convict Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), the United States would have to prove beyond a reasonable doubt the following elements and material facts:

*First*, between on or about October 18, 2017, and September 19, 2019, in the Eastern District of Washington and elsewhere, Defendant knowingly received a visual depiction of child pornography;

*Second*, Defendant knew the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Plea Agreement – 3

*Third*, the visual depiction had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

6. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Between October 18, 2017, and January 4, 2018, an agent with Homeland Security Investigations ("HSI") conducted an undercover peer-to-peer investigation, during which he successfully downloaded 75 child pornography image files and 35 partial and complete child pornography video files from Defendant. The internet protocol address being used to share the child pornography files was registered to Defendant's father, at Defendant's Spokane Valley, Washington, residence.

On February 2, 2018, HSI agents executed a federal search warrant at Defendant's residence and seized several electronic devices and digital storage media, including the LG and ZTE cellular phones listed in the Superseding Information. HSI agents conducted a forensic analysis of the phones and located 224 images, and 91 video files, of child pornography. The images and videos included depictions of prepubescent minors and minors under the age of 12.

After being advised of his rights pursuant to *Miranda*, Defendant admitted to agents that he had intentionally downloaded child pornography and used search terms such as "pre-teen." Defendant admitted to watching and saving child pornography videos. Defendant indicated familiarity with torrent software and described the peer-to-peer file sharing application on his cellphone, which he used to download torrents and files.

Plea Agreement – 4

Between January 14, 2019, and September 3, 2019, an agent with the Federal Bureau of Investigation ("FBI") successfully downloaded over 550 suspected child pornography files from Defendant. At least two images and two videos were visually reviewed and confirmed to depict child pornography; the images depicted sadistic, masochistic, or other violent conduct. As before, the internet protocol address being used to share the suspect files was registered to Defendant's father, at Defendant's Spokane residence.

On September 19, 2019, agents again executed a federal search warrant at Defendant's residence. Agents seized two cell phones and other electronic media. A forensic review of Defendant's LG cellular phone, model LM-Q710, revealed three child pornography video files. Defendant again made post-*Miranda* warning statements, wherein he admitted to downloading and viewing child pornography on his cell phone and identified the particular application on his phone he used to do so.

The child pornography files recovered from Defendant's devices pursuant to both search warrants were submitted to the National Center for Missing and Exploited Children. Within Defendant's collection of child pornography, the National Center for Missing and Exploited Children identified images from 10 documented "Series" of child pornography.

7. <u>The United States Agrees To Dismiss Charges:</u>

The United States Attorney's Office for the Eastern District of Washington agrees to dismiss the indictment alleging Distribution and Possession of Child Pornography at sentencing and not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Superseding Information, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8. <u>United States Sentencing Guideline Calculations</u>:

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

    a.    <u>Base Offense Level</u>:

The United States and Defendant agree that the base offense level for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) is 22. <u>See</u> U.S.S.G. § 2G2.2(a)(2).

    b.    <u>Specific Offense Characteristics</u>:

The United States and Defendant agree that the base offense is increased by two levels because Defendant distributed, received, and possessed material involving prepubescent minors who had not attained the age of 12. <u>See</u> U.S.S.G. § 2G2.2(b)(2).

The United States and Defendant agree that the offense level is further increased by an additional four levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. <u>See</u> U.S.S.G. § 2G2.2(b)(4).

Defendant acknowledges that an additional two-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), may apply, and he is aware of *United States v. Vallejos*, 742 F.3d 902, 908 (9th Cir. 2014) (holding that "knowing use of a file-sharing program to download child pornography involves not merely the receipt of illicit material, but also the reciprocal distribution of it" and applying sentencing enhancement). Defendant reserves the right to object to said enhancement on factual grounds.

The United States and Defendant agree that five more levels are added, because Defendant's offense involved at least 600 images of child pornography. <u>See</u> U.S.S.G. § 2G2.2(b)(7)(D).

Plea Agreement – 6

Lastly, Defendant acknowledges that the Government will seek an additional two-level increase, pursuant to U.S.S.G. §2G2.2(b)(6), because of the use of a computer, though he may oppose that increase.

The parties make no agreement about the applicability of any other specific offense characteristic adjustments.

      c.    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement not later than May 14, 2020, the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

      d.    Criminal History:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

9.    Incarceration:

The United States agrees to recommend a sentence within the advisory guideline range, as determined by the district court at sentencing. Because the parties

Plea Agreement – 7

are expected to present sentencing recommendations before the sentencing court makes its determination as to whether or not it will adopt the guideline calculations of the presentence report, it shall not be a breach of this Agreement if the government recommends prior to such findings by the Court a within-guidelines sentence based on a different guideline calculation than that which is presented in a presentence report or ultimately adopted by the sentencing court.

Defendant may recommend any legal sentence.

10. <u>Supervised Release:</u>

The parties acknowledge a mandatory term of at least five years of supervised release and reserve argument on the appropriate length to be imposed in this case. Nevertheless, the United States and Defendant each agree to recommend that the Court impose a term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to

Plea Agreement – 8

access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

11. <u>Criminal Fine:</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Defendant acknowledges that payment of restitution to his victims is mandatory, but reserves the right to contest the amount of restitution to be imposed.

12. <u>Mandatory Special Penalty Assessment:</u>

Defendant agrees to pay the $100 mandatory special penalty assessment and, unless found indigent, the additional $5,000 JVTA assessment, to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. <u>Payments While Incarcerated:</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. <u>Restitution:</u>

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 3663A, 3664. Defendant further acknowledges that restitution is mandatory, without regard to his economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in an amount that comports with his relative role in the causal process that underlies their general losses. *See Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Plea Agreement – 9

With respect to restitution, the United States and Defendant agree to the following:

    a.    <u>Restitution Amount and Interest</u>

Pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of any victims' losses. Defendant hereby stipulates and agrees to an order of restitution in the amount of $6,000, which is the total of $3,000 payable to each of the two Series victims requesting restitution in this case.

For purposes of 18 U.S.C. § 2259, "victim," means any individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant stipulate that "victim," for purposes of determining restitution to be ordered in this case, includes victims of Defendant's distribution, receipt, and possession of child pornography through September 19, 2019. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of identified victims.

The interest on this restitution amount should be waived. Neither the United States nor Defendant may withdraw from the Plea Agreement based on the ultimate amount of restitution that the Court orders.

    b.    <u>Payments</u>

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of his net monthly income towards any restitution obligation.

    c.    <u>Treasury Offset Program and Collection</u>

Defendant understands that the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits

Plea Agreement – 10

and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure a restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

d. <u>Notifications</u>

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of the change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

15. <u>Judicial Forfeiture:</u>

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest in the assets identified in the Superseding Information and listed herein, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to, the following:

    a. One LG, Model LGMP260 - K20 Plus, Cellular Phone, IMEI No. 352130093556669;

    b. One LG Cellular Phone, model LM-Q710, IMEI No. 351603100529870; and

    c. One ZTE Cellular Phone, Model Z981, IMEI No. 863461034496315.

Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in the assets.

Plea Agreement – 11

Defendant acknowledges that the assets listed above that Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the Receipt of Child Pornography charge alleged in Count One of the Superseding Information to which Defendant is pleading guilty. Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets he is agreeing to forfeit.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

16. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights and Collateral Attack:</u>

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Acknowledging this, Defendant

Plea Agreement – 12

expressly waives the right to appeal the conviction, any sentence within the statutory maximum the Court imposes, and any order of restitution. Defendant further expressly waives the right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence. Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction on the Superseding Information be set aside, vacated, or reversed as a result of an appeal or upon a motion pursuant to 28 U.S.C. § 2255, this Plea Agreement shall become null and void and the United States may prosecute Defendant on all available charges involving or arising from the conduct described above. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

18. <u>Notice of Sex Offender Registration:</u>

Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant agrees that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Washington State following release from

Plea Agreement – 13

prison, he will be subject to the registration requirements of RCW §9A.44.130. Defendant further understands that, under 18 U.S.C. §4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration of the state of his release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19. <u>Integration Clause:</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____        10 June 2020
Ann T. Wick                                          Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into

Plea Agreement – 14

this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____   6/10/20
Christopher Merrill                          Date
Defendant

   I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____   6/10/20
Colin Prince                                 Date
Attorney for Defendant