William D. Hyslop
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:19-CR-00152-WFN |
| vs. | Government's Sentencing Memorandum |
| CHRISTOPHER MICHAEL MERRILL, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits memorandum setting forth the government's position at sentencing. The government recommends that the Court sentence the defendant to a term of imprisonment at the low end of the advisory guideline range, followed by greater than five years of supervised release.

Gov.'s Sentencing Memorandum – 1

## BACKGROUND

The government agrees with the procedural history detailed in paragraphs one through five of the initial Presentence Investigation Report (hereinafter "PSR"). ECF No. 69. The government agrees with the pretrial custody/release contents of the PSR, ¶¶ 6-9; however, the government filed an objection, requesting additional information regarding Defendant's contact with his minor children in violation of court orders be added. ECF No. 70. The government also agrees with the offense conduct summarized in paragraphs ten through 21 of the PSR.

Defendant filed an objection only to special condition number one. ECF No. 73. Neither party's objection requires an adjustment to the sentencing guidelines calculations or advisory guideline range.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They

Gov.'s Sentencing Memorandum – 2

are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I. Statutory Maximum and Minimum Sentence

For Defendant's conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), the Court must impose a term of at least five years, up to twenty years. PSR ¶ 92. The Court may impose up to a $250,000 fine. ECF No. 98. The Court must impose a term of supervised release of at least five years, up to life. ECF No. 94.

### II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

A. Offense Level Calculation

The PSR correctly calculated the defendant's total offense level as 34. PSR ¶ 41.

Gov.'s Sentencing Memorandum – 3

B. Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category I. PSR ¶ 58.

C. Advisory Guideline Range

Based upon a total offense level of 34 and a criminal history category of I, the advisory guideline imprisonment range is 151-188 months. PSR ¶ 93.

**IMPOSITION OF SENTENCE**

**I. Imposition of a Sentence under 18 U.S.C. § 3553**

A. 18 U.S.C. § 3553(a) factors

1. The nature and circumstances of the offense

The nature and circumstances of the defendant's offense warrant a meaningful sentence of the type suggested by the advisory guideline range. Over the course of approximately three months –October 2017 to January 2018, Defendant shared with like-minded individuals a myriad of images and videos of child pornography. An undercover Homeland Security Investigations Special Agent – representing just one person able to obtain child pornography from Defendant – downloaded 75 images and 35 videos of child pornography from Defendant. ECF No. 64 at 4; PSR ¶ 13. The videos and images obtained from Defendant depicted prepubescent minor females as young as approximately 5 years

old, based on the representative sample described in detail in the PSR. PSR ¶¶ 14-16.

Upon execution of a federal search warrant in February 2018, at Defendant's residence, where he resided with his parents, and seizure of Defendant's electronic devices, investigators located 224 images and 91 video files of child pornography, again including depictions of prepubescent minors and minors under the age of 12. ECF No. 64 at 4; PSR ¶ 17. Defendant spoke with agents, admitting that he intentionally downloaded child pornography, using search terms such as "pre-teen," "Mom and Dad," and "Family." PSR ¶ 18.

Less than a year later, Defendant was back at it. Between January and September 2019, a special agent with the Federal Bureau of Investigation downloaded over 550 suspected child pornography files from Defendant. The two images and two video files visually reviewed by an agent were confirmed to be child pornography, depicting sadistic, masochistic, or other violent conduct. ECF No. 64 at 5. Federal agents again executed a search warrant at Defendant's residence (the same one), again seized devices, and again spoke with Defendant. *Id.*; PSR ¶ 20. Only three child pornography files were identified on Defendant's phone this time; however, Defendant again admitted to downloading and viewing child pornography and to using search terms such as "young," "underage," and "pre-teen." *Id.*

Gov.'s Sentencing Memorandum – 5

Within Defendant's collection of child pornography files (from both searches), 10 documented "Series" of child pornography were identified.

2. The history and characteristics of the defendant

The defendant's history and characteristics support a low-end-guideline sentence. Although Defendant has zero criminal history points, he is not conviction free. The character of two convictions is notable: indecent exposure in 1994, and lewd conduct in 1995. PSR ¶¶ 46, 49.

Defendant has also demonstrated a pattern of noncompliance with regard to court orders. PSR ¶¶ 7, 9. Defendant always has an excuse or explanation, telling a probation officer and the magistrate court, for example, that the reason he tested positive for methamphetamine was not because he used the illegal substance, but may have been due to inadvertent contact while cleaning his room. ECF No. 31-1. Yet, he admitted that did not see or touch methamphetamine while cleaning his room. *Id*. When he acquired a phone with internet access without permission, he actually had good cause to need the use of a smart phone; but he saw fit to acquire the phone first, not get the permission. ECF No. 49.

The pattern continued, with the conduct submitted to the Court in the government's Objection to Presentence Investigation Report, ECF No. 70. As evidenced by the text messages between Defendant and his former spouse, he wanted communication with his minor children, and he wanted his ex-wife to

facilitate the communication. ECF No. 72 at 6-14. Defendant at least twice expresses bitterness and anger over his ex-wife not permitting the children to "call" or "talk" to him. *Id*. at 9-10. It also appears as though the minors have disclosed contact of some kind with Defendant during visitation with their grandparents. ECF No. 70 at 2; Attachment A.[1] This is despite two court orders[2] – one federal,

---

[1] Attachment A is a Report of Investigation documenting additional information from Defendant's ex-wife and the children. *See* ECF No. 70 at 2 (referring to further information pending). It was provided to the defense in discovery and will be filed contemporaneous to this memorandum.

[2] A violation of a no-contact order typically constitutes a crime. Thus, Defendant's conduct could be a basis to deny him a reduction under USSG §3E1.1, not so much as a "pretrial violation" (ECF No. 73 at 6 n.11), but as the opposite of "withdrawal from criminal conduct." §3E1.1 n. 1(B). Defendant's text messages also at least hint at a denial of the conduct comprising the offense and/or a false denial of relevant conduct (ECF No. 72 at 10: "The plee [sic] report is wrong in there facts."), another basis to deny a reduction for acceptance of responsibility. USSG §3E1.1 n. 1(A). However, as previously indicated, the government is not seeking an adjustment of the total offense level here and merely addresses it because of the question raised by Defendant in his Objection. *See* ECF No. 73 at 6 n.11.

Gov.'s Sentencing Memorandum – 7

one state, ordering Defendant to have no contact with the minors. ECF Nos. 22 and 72 at p. 29.

Because the contact did not appear to have been in person and was otherwise being handled by the minors' other parent, the government did not seek revocation of Defendant's pretrial release. Nevertheless, the conduct still bears on the Court's determination of an appropriate sentence to impose in this case, as well as imposition of conditions of release, which the government will address separately, later in this memorandum. What the conduct reveals, especially when taken in totality with Defendant's other pretrial release troubles, and Defendant's return to the same criminal conduct months after federal agents execute a warrant at his house, is that Defendant has trouble complying with Court directives and prefers to substitute his own judgment for that of the Court, his probation officer, and the law.

A sentence within the advisory guidelines takes all of Defendant's personal characteristics and history into account.

> 3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

Crimes involving the sexual abuse or exploitation of a minor child are among the most, if not *the* most, serious crimes that can be committed. The fact that Defendant's crimes were committed over the computer does not let him off the

Gov.'s Sentencing Memorandum – 8

hook for contributing to the exploitation of minors at the hands of others. Without people like Defendant, there is no demand for child pornography. Defendant's collection, alone, contained the visual record of the sexual abuse of 10 known "Series" victims. PSR ¶ 21. A sentence at the low end of the advisory guideline range recognizes this, promotes respect for the law, and is just punishment.

    4.    <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

A guideline sentence serves the goal of general and specific deterrence. Defendant's sentence for indecent exposure did not deter him from his lewd conduct crime. PSR ¶¶ 46, 49. The sentence for the lewd conduct did not deter him from viewing and trading child pornography, nor did it deter him from years if illegal drug use, which is also criminal. PSR ¶¶ 74-78. The public is protected from Defendant's crimes while he is serving a custodial sentence and hopefully beyond, if he is successfully deterred from criminal activity by such sentence and takes advantage of rehabilitative programs and tools offered either in custody or in the community during a term of supervised release.

    5.    <u>The kinds of sentences available</u>

The Court may sentence defendant to a term of prison between five and 20 years and impose of fine of up to $250,000. The Court must impose a term of supervised release of at least five years.

Gov.'s Sentencing Memorandum – 9

### 6. The established sentencing range

Based upon a total offense level of 34 and a criminal history category of I, the advisory guideline imprisonment range is 151-188 months. PSR ¶ 93.

### 7. The need to avoid unwarranted sentence disparities

A guideline sentence would avoid unwarranted sentence disparities.

### 8. The need to provide restitution to any victims of the offense

9.

Defendant has agreed to pay restitution to the only victims who have submitted a restitution claim, in the amount of $3,000 each. PSR ¶ 106; ECF No. 64 at 10.

### B. Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing. The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation

marks omitted). Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect. The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the recommended

guidelines sentence. Accordingly, the government recommends a sentence at the low-end of the advisory guideline range.

### C. The Facts of This Case Support Imposition of Special Condition #1 as a Term and Condition of Supervised Release.

Defendant has objected to special condition #1, which would restrict Defendant's contact with his minor children and require him to obtain permission from a probation officer before having such contact. ECF No. 73. In support, Defendant cites *United States v. Wolf Child*, 699 F.3d 1092 (9th Cir. 2012), but ignores individualized facts before This Court that support the condition here.

In imposing a condition like special condition #1 at the time of Defendant's pretrial release, Magistrate Judge Dimke rightly noted: "[A defendant's] fundamental liberty interest in familial association with his children . . . is not "absolute" and "must be balanced against the interests of the state, and when conflicting, against the interests of the children." ECF No. 22 at 4 (citing *Wolf Child*, 699 F.3d at 1092). Judge Dimke also rightly explained: "In order for the Court to impose limitations on this right, the Court's conditions must be substantively reasonable and must make an individualized examination of the defendant's situation." *Id*. (citing *Wolf Child*, at 1087-88). Proposed special condition #1 is indeed substantively reasonable, in light of the individualized facts present in this case.

Gov.'s Sentencing Memorandum – 12

As evident from Defendant's crime and statements he made to investigators, Defendant has a sexual interest in minor children. He was not merely collecting to collect, like a coin or stamp collector. Defendant was seeking out, viewing, and collecting images and videos of child pornography that he liked to watch, that he viewed for sexual pleasure. PSR ¶ 18. Defendant admitted to investigators that he would watch the child pornography videos that he downloaded and masturbate to them. *Id*. He also stated that he would delete some, but save others. *Id*.

Significant to the Court's individualized assessment of Defendant's situation is Defendant's preferred victim age. Defendant's collection is replete with images and videos of prepubescent minors and minors under the age of 12. The representative sample detailed in the PSR involves four girls, aged approximately 8 to 11, 8 to 11, 10 to 12, and 5 to 7, engaged in sex acts with adult males. PSR ¶¶ 14-16. The file names were indicative of not only child pornography, but of the ages of victims depicted. *Id*. Furthermore, Defendant specifically sought out images of prepubescent minors, using "pre-teen" and "young" as search terms. PSR ¶¶ 18, 20.

Defendant's minor children are at specific risk for two primary reasons: 1) they fall within the age range of Defendant's desired child pornography material, both now and at the time of Defendant's offense (PSR ¶ 68); and 2) Defendant is specifically and sexually interested in incest. Defendant told investigators that he

Gov.'s Sentencing Memorandum – 13

has fantasies about incest and has sought out "Mom and Dad" and "Family" child pornography. PSR ¶ 18. In addition, again as Judge Dimke highlighted in performing the same balancing test this Court must, the children are particularly vulnerable, Defendant has prior sex offenses, and Defendant went to great lengths to hide the child pornography crime and investigation from his former spouse. ECF No. 22 at 5-6. Thus, imposition of special condition #1 is supported by the individualized assessment of the facts and circumstances of this case. Defendant's objection should be overruled.

## **CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence at the low end of the advisory guideline range for Defendant's commission of the crime of receipt of child pornography. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors

Respectfully submitted: September 3, 2020.

William D. Hyslop
United States Attorney


*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney
