FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   -vs-<br><br>CHRISTOPHER MICHAEL MERRILL,<br><br>               Defendant. | No.   2:19-CR-0152-WFN-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Pending before the Court is Christopher Merrill's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 107. Mr. Merrill argues there are extraordinary and compelling reasons to reduce his sentence of imprisonment because he has diabetes and a history of smoking and drug use; his father and sister recently passed away leaving his mother, who has cancer, in need of a caregiver; and he needs substance-abuse and sex-offender treatment. The Court denies the Motion because Mr. Merrill has not shown extraordinary and compelling reasons to reduce his sentence, and because the § 3553(a) factors weigh against early release.

## BACKGROUND

Between 2017 and 2019, Mr. Merrill possessed hundreds of pictures and videos documenting sexual abuse against children, including children under twelve. ECF No. 77 ¶¶ 13, 17, 20. Mr. Merrill admitted to seeking and viewing these materials intentionally. *Id.* ¶ 20. He pled guilty to Receipt of Child Pornography on June 10, 2020. ECF No. 65. On September 16, 2020, he was sentenced to 60 months of imprisonment, ECF No. 89, which was substantially below the guideline range of 151–88 months. The Court varied downward, in part, because of Mr. Merrill's poor health.

ORDER - 1

# DISCUSSION

The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if (1) there are "extraordinary and compelling reasons" to do so,[1] (2) the reduction is appropriate considering the factors set forth in 18 U.S.C. § 3553(a), and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). Prisoners must satisfy all three conditions to obtain compassionate release. *Wright*, 46 F.4th at 945. If any condition is not met, compassionate release must be denied. *Id*

Before moving for compassionate release, a prisoner must first exhaust their administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on their behalf. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Once thirty days have lapsed from the warden's receipt of the prisoner's request, the prisoner has satisfied the exhaustion requirement. *Keller*, 2 F.4th at 1281.

**I. Mr. Merrill satisfied the exhaustion requirement.**

Mr. Merrill satisfied the exhaustion requirement by submitting his request for compassionate release to the warden more than thirty days before filing the instant Motion. ECF No. 107 at 3. Therefore, the Court will consider the merits of his request.

**II. Mr. Merrill has not demonstrated extraordinary and compelling reasons to reduce his sentence.**

Mr. Merrill argues his diabetes and history of smoking and drug use; the recent death of his father and sister; and his need for substance-abuse and sex-offender treatment are

---

[1] Instead of establishing "extraordinary and compelling reasons," defendants may show that they are at least 70 years of age, have served at least 30 years of their sentence, the Director of the BOP has determined they are not a danger to any person or the community, and the § 3553(a) factors weigh in favor of reduction. 18 U.S.C. § 3582(c)(1)(A). Because Mr. Merrill is less than 70, this route is unavailable, and he must demonstrate extraordinary and compelling reasons for reducing his sentence. *See id*.

ORDER - 2

extraordinary and compelling reasons to reduce his sentence. ECF No. 107 at 5. Although Mr. Merrill's health problems are unfortunate, they are not an extraordinary and compelling reason to reduce his sentence. *Cf.* U.S.S.G. § 1B1.13(b)(1) (making more serious medical circumstances an extraordinary and compelling reason to reduce a sentence). Nor are the deaths of Mr. Merrill's father and sister. *Cf.* U.S.S.G. § 1B1.13(b)(3)(A) (stating that extraordinary and compelling reasons include "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a mental condition"); U.S.S.G. § 1B1.13(b)(3)(C) (stating that incapacitation of a defendant's parent is an extraordinary and compelling reason if the defendant is the only available caregiver). Mr. Merrill has not alleged that his mother is incapacitated or that he is her only available caregiver. *See* ECF No. 107 at 5. To the contrary, it appears from the Motion that his mother is currently receiving appropriate care. *Id.* Finally, the long wait for substance-abuse and sex-offender treatment is likewise not an extraordinary and compelling reason to reduce Mr. Merrill's sentence. *See United States v. Abdullah*, 2023 WL 5802622 (W.D. Wash. Sept. 7, 2023) ("[G]eneral conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." (quoting *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020))) (collecting cases).

**III. The factors set forth in § 3553(a) weigh against Mr. Merrill's early release.**

Mr. Merrill possessed hundreds of pictures and videos depicting sexual abuse against children and received a sentence substantially below the guideline range. Possession of child sex abuse materials inflicts massive harm to children, their families, and the entire community. The seriousness of Mr. Merrill's crimes and the need to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public all weigh against reducing his sentence. Because the § 3553(a) factors weigh against reducing Mr. Merrill's sentence, the Motion must be denied.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

ORDER - 3

**IT IS ORDERED** that Mr. Merrill's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), filed July 5, 2023, **ECF No. 107**, is **DENIED**.

The District Court Executive is directed to file this order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 26th day of March, 2024.

03-15-24

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4